UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

_____
                                   )
**CNE DIRECT, INC.**                )
                                   )
      **Plaintiff,**        )
                                   )
                                   )    **Civil No.**
      v.                   )    **14-10149-FDS**
                                   )
**BLACKBERRY CORPORATION f/k/a**    )
**RESEARCH IN MOTION CORPORATION**  )
**and**                             )
**ASSET RECOVERY ASSOCIATES**       )
**WORLDWIDE, LTD.**                 )
                                   )
      **Defendants.**      )
_____)

**MEMORANDUM AND ORDER ON
MOTION FOR ENTRY OF DEFAULT JUDGMENT**

This is a contract dispute arising out of an alleged agreement to sell mobile phone memory parts. Plaintiff CNE Direct, Inc. ("CNE") contends that the defendants breached the agreement, directly costing CNE the profit it would have earned from an arranged resale. Plaintiff brought claims for breach of contract, breach of the implied covenant of good faith and fair dealing, and violation of Mass. Gen. Laws ch. 93A. Plaintiff has obtained an entry of default against defendant Asset Recovery Associates Worldwide, Ltd. and has moved for a default judgment.

**I.**    **Analysis**

Where a party has obtained an entry of default, the Court must determine the amount of damages unless it is a "sum certain." Fed. R. Civ. P. 55(b)(2). The party that has defaulted is deemed to have admitted all of the allegations in the complaint. *See Pizzo v. Gambee*, 810 F. Supp. 2d 345, 347 (D. Mass. 2011) (citing *Multi Tech., Inc. v. Mitchell Mgmt. Sys., Inc.*, 25

Mass. App. Ct. 333, 334-35 (1988)).

Taking the allegations in the complaint as true, defendant's breach cost CNE hundreds of thousands of dollars in resale profits. The contracts for resale are attached to the complaint and reveal a resale price of $7,594,500. CNE's affidavit, filed with the Court in conjunction with its motion for default judgment, calculates the expected net profit from that sale to be $851,034. On the evidence before the Court, this is the proper damage award for lost profits.

CNE is also entitled to an award of reasonable attorneys' fees and taxable costs under chapter 93A. Mass. Gen. Laws. ch. 93A § 11. Plaintiff's attorneys filed an affidavit with the Court in which they provide invoices displaying attorneys' fees in the amount of $139,961. The Court finds that these fees are reasonable under the circumstances.

The affidavits also detail taxable costs of $6,430.86, including $1,026.25 for computerized legal research. The Court accepts the valuation of taxable costs, other than the value ascribed to computerized legal research. Thus, the award for costs will be $5,404.61.

Plaintiff is also entitled to prejudgment interest pursuant to Mass. Gen. Laws. ch. 231 § 6C. The rate of interest is twelve percent per annum from the date of the breach. The breach in this case occurred on November 27, 2013, meaning that eleven months have passed as of the date of this judgment. Accordingly, the amount of prejudgment interest is $93,613.74.

## II. Conclusion

For the reasons set forth in the foregoing memorandum the Court orders as follows:

1. Judgment of default shall enter for plaintiff.
2. Plaintiff is awarded:

    a) $851,034 in lost profits;

    b) $139,961 in attorneys' fees;

  c) $5,404.61 in costs; and

  d) $93,613.74 in prejudgment interest.

 for a total judgment of $1,090,013.35 with interest as provided by law.

**So Ordered.**

|  |  |
|---|---|
|  | <u>/s/ F. Dennis Saylor</u> |
|  | F. Dennis Saylor IV |
| Dated: October 27, 2014 | United States District Judge |